JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MURIEL COLLINS

**DEFENDANTS**

KIMBERLY-CLARK GLOBAL SALES, LLC

**(b)** County of Residence of First Listed Plaintiff   Upper Darby, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Thomas W. Moore, III
64 Sherbrook Blvd. Upper Darby, PA 19082 / (610) 623-0611

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*   *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000(e) et seq. 28 U.S.C. Section 1331

Brief description of cause:
Race and Sex Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   4/23/2012

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**United States District Court, E.D. Pennsylvania**
**Muriel Collins, Linwood, PA, Plaintiff**

v.

**Kimberly-Clark Global Sales, LLC, Defendant**

**Civil Action, E.D. PA**
**April 23, 2012**

**Jury Trial Demanded**

Plaintiff Muriel Collins' Complaint of Discrimination in Employment (Race and Sex) and Retaliation Pursuant to Title VII of the 1964 Voting Civil Rights Act, 42 U.S.C. §2000(e) et seq. As Amended 1991.

The Plaintiff Muriel Collins brings this formal complaint of Race and Sex Discrimination in Employment and Retaliation under Title VII of the 1964 Voting Civil Rights Act, as follows:

## PARTIES

1. The Plaintiff herein is Muriel Collins, an adult citizen of the State of Pennsylvania, who currently resides at 823 Columbia Avenue, Linwood PA 19061.

2. The Defendant is Kimberly-Clark Global Sales, LLC, "Kimberly-Clark," a private company categorized under Paper Manufacturers and incorporated in Wisconsin at 2100 Winchester Road, Neenah, WI 54956-9317.

## JURISDICTION and VENUE

3. The Court has jurisdiction of the within claim based upon federal question, pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e) et seq and 28 U.S.C. §1331.

4. Venue may be laid pursuant to 28 U.S.C. § 1391(c) within the Eastern District of Pennsylvania as Defendant owns and operates a mill, manufacturing facial tissue and paper towels in Chester, Pennsylvania, where the events giving rise to this complaint occurred.

5. All necessary and appropriate administrative prerequisites to the filing of this action have occurred.

6. On May 26, 2011 the Plaintiff field a timely Equal Employment Opportunity administrative civil rights charge alleging race and sex discrimination in employment, said charge was docketed at 530-2011-02291.

7. The Plaintiff's administrative charge alleged Kimberly-Clark subjected the Plaintiff to race and sex discrimination in employment, including disparate treatment, reprisal and retaliation.

8. Following the administrative process of the Plaintiff's charge, the Legal Unit of the Equal Employment Opportunity Commission issued the Plaintiff a Right to Sue letter on January 31, 2012.

9. Following the Plaintiff's receipt of the notice of her right to sue, this timely civil action follows.

## STATEMENT OF THE CASE

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. Kimberly-Clark is a financially robust paper manufacture company and subsidiary of the Kimberly-Clark Corporation, who in 2011 had sales of 20.8 billion dollars according to their website's financial information listed at www.kimberly-clark.com.

12. Kimberly-Clark runs a mill in Chester, Pennsylvania, which manufactures facial tissue and paper towels under the Scott brand name.

13. Kimberly-Clark's Chester Pennsylvania mill is unionized and represented by the Steel Workers Local 10-448.

14. The Local 10-448 represents numerous Kimberly-Clark employees, including the Plaintiff.

15. Plaintiff is an African American woman who has worked for Kimberly-Clark at the mill in Chester, Pennsylvania since 1967.

16. In Plaintiff's 45 year history with Kimberly-Clark, she has been a loyal and dedicated employee, who had zero disciplinary or corrective actions taken against her up until the events giving rise to this complaint.

17. As of January 1, 2010 Plaintiff had risen to the position of Fiber Prep Team Coordinator/ Floor Leader, Level 3 and was elected Chief Shop Steward of the Local 10-448.

18. At all times relevant to this complaint, Plaintiff was the only female employee holding either a Chief Shop Steward position or a Team Coordinator/Floor Leader, Level 3 position.

19. At all times relevant to this complaint, Plaintiff was the only African American employee holding either a Chief Shop Steward position or a Team Coordinator/Floor Leader, Level 3 position.

20. In January 2010, Plaintiff and other employees lodged complaints against a co-worker, Joel Horne, for making an inappropriate drawing at work.

21. Joel Horne was confronted about the drawing by Shop Steward Keith Brown, which caused Joel Horne to become visibly upset and Plaintiff observed him yelling "do you want a piece of me" at Keith Brown.

22. Kimberly-Clark began investigating the incident and on January 20, 2010, Plaintiff sat in on a meeting with Local 10-488 Vice President, Sean Kane, which Plaintiff was told would be confidential.

23. At this meeting, Plaintiff stated that she recommended firing Joel Horne, assuming at that time that he was responsible for the inappropriate drawing.

24. In February, 2010, it was determined that employee Frank Brown, Jr., not Joel Horne, was responsible for the inappropriate drawing.

25. Plaintiff stated at Joel Horne's Second Step Meeting, that he should not be fired for his confrontation with Keith Brown in light of the fact that he was innocent of the drawing and considering that he was seeking assistance through Employee Assistance Program (EAP) for mental health issues.

26. As a result of the Second Step Meeting, Joel Horne was fired by Kimberly-Clark.

27. The Local 10-488 agreed to grieve Mr. Horne's termination and the matter proceeded to arbitration on November 9, 2010.

28. On November 4, 2010, Plaintiff was handed a subpoena to appear at Joel Horne's November arbitration by Ron Schultz, a level 6 member of the Local 10-448; however, the subpoena was without a seal and was missing information such as addresses and dates.

29. Given the missing seal, the lack of information and Ron Schultz's propensity to joke around, Plaintiff thought the subpoena to be a fake bearing no legal force.

30. On the day of Joel Horne's Arbitration, Plaintiff was scheduled for work and was not notified that she was relieved of her job duties unlike the other three hourly employees subpoenaed to testify: Keith Brown, Ed Adamczyk, Jr. and John Gilchrist, all of whom were either not scheduled to work or relived of their job duties.

31. Plaintiff received a page from John Flynn of the Human Resources Department stating that she was supposed to be at the arbitration and that he didn't know what the arbitrator would do to her for not showing up.

32. At the arbitration, Plaintiff's original statement taken during her meeting with Union Vice President Sean Kane was read aloud stating that Plaintiff recommended the firing of Joel Horne, despite Plaintiff's later opposition to the firing once she learned Joel Horne was not responsible for the inappropriate drawing.

33. After the November 9, 2010 arbitration, Plaintiff was written up for failing to attend the arbitration and she was told by Local 10-488 Vice President, Sean Kane, that Kimberly-Clark would suspend her for 3 days if she did not file a grievance or 5 days if she did.

34. On November 30, 2010, Plaintiff filed two grievances with the Local 10-488 regarding her disciplinary action, both of which were denied and Plaintiff was subsequently suspended for 5 days.

35. On February 21, 2011, Plaintiff reported in a meeting with Debra Tierno of the Human Resources Department and Local 10-488 Vice President, Sean Kane, that she was being subjected to harsher disciplinary measures due to the fact that she is the only African American female at such a level of authority.

36. In May, 2011, Plaintiff was suspended for 15 days, demoted from a level 3 to a level 2 and received a pay decrease of $2.55/hour for allegedly falsifying a claim of discrimination against Kimberly-Clark.

37. In an Unemployment Compensation Referee's Order, Appeal Number 11-09-H-7309, Plaintiff was found not to have committed willful misconduct for allegedly falsifying a claim of discrimination.

38. No other similarly situated Non-African American, male employees receiving 15 day disciplinary suspensions were demoted or received pay cuts.

39. In July, 2011, Plaintiff was forced to take short term medical leave due to diagnosed hypertension, worsened by the ongoing stress Plaintiff was subjected to in grieving her 15 day suspension, demotion and pay cut.

40. In September, Sean Kane, Local 10-488 Vice President, left a voice message on Plaintiff's answering machine leaving his contact information and saying he will talk with her later; however, after the intended message was over, Kane continued to speak to someone else in the room and he said, "don't fuck with me bitch or you'll be on the same mother fucking list as her [referring to Plaintiff]."

41. After that voicemail, Plaintiff doubted that she could receive a fair and impartial arbitration of her grievances against Kimberly-Clark due to the fact that the entity designed to protect her, the Local 10-488, held such animosity toward her as the only African American, woman Chief Shop Steward.

42. On March 20, 2012, Kimberly-Clark terminated Plaintiff for violation of the last chance agreement, which Plaintiff refused to sign based on allegations in said agreement stating that Plaintiff had lied during the investigation of her grievance.

43. Plaintiff's position as Fiber Prep Team Coordinator/ Floor Leader, Level 3 was then temporarily filled by white male Frank Brown, Jr. who had previously been subjected to a 15 day suspension for an inappropriate drawing.

## Title VII of the Civil Rights Act of 1964
## Title VI—Race and Sex Discrimination and Retaliation

All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. The foregoing conduct of the Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race/color (African American) and sex (female).

45. The Defendant by and through its agents has treated the Plaintiff in a manner that differs from the manner in which Caucasian and Male employees are treated, and otherwise subjected the Plaintiff to ongoing and pervasive discrimination.

46. As a result of Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

47. The Defendant's discriminatory conduct as aforesaid violates Title VII of the Civil Rights Act of 1964.

48. In complaining about discrimination, the Plaintiff engages in conduct that is protected by Title VII of the Civil Rights Act of 1964.

49. In suspending, demoting, and terminating the Plaintiff, Defendant engaged in unlawful retaliation to the Plaintiff's opposition to race and sex discrimination.

50. As a result of the Defendant's unlawful retaliation, the Plaintiff has suffered damages as set forth herein.

51. The Defendant's retaliatory conduct as aforesaid violates Title VII of the Civil Rights Act of 1964.

*WHEREFORE*, Plaintiff seeks damages set forth in this Complaint, *infra*.

## PRAYER FOR RELIEF

The Plaintiff prays that the Court enter judgment in her favor and against the Defendant and that it enter an Order providing that:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of race or any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and/or any other applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its policy, practice or custom of discriminating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay Plaintiff would have received had it not been for Defendant's unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and all other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded all benefit illegally withheld from the date she first suffered discrimination until the date of the verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to defer Defendant or other employers from engaging in such conduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief the Court deems just proper and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

h. Defendant is to be subjected to an injunction to or any other legal or equitable relief required to ensure it does not engage (or ceases engaging) in unlawful retaliation against Plaintiff or potential witnesses in the aforesaid action.

April 23, 2012

Respectfully submitted,

By: /s/ Thomas W. Moore III, Esquire

Thomas W. Moore III, Esquire

## VERIFICATION

I, Muriel Collins, verify under penalty of perjury that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Executed On: 4/20/2012

Muriel Collins